IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| United States of America ) | CR/A No. 8:18-cr-00678-DCC-1 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Charles Benjamin Raap. ) | |
| ) | |
| _____ ) | |

This matter comes before the Court on Defendant's Pro Se Motion for Compassionate Release and counseled Memorandum in Support thereof, seeking reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF Nos. 48, 56. The Government filed a Response in Opposition. ECF No. 52. At the Court's instruction, Mr. Raap filed additional supplemental information. ECF No. 58. For the reasons that follow, the Motion is denied.

### **BACKGROUND**

Mr. Raap pled guilty on December 20, 2018, to being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1); possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A); using and possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i); and possession with intent to distribute a quantity of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). ECF No. 33. On April 2, 2019, he was sentenced to 60 months of imprisonment as to Counts 1, 2, and 5, to run concurrently, and 60 months as to Count 3, to run consecutive to all other Counts. ECF No. 43.

Mr. Raap filed his pro se Motion for Compassionate Release on January 22, 2021. ECF No. 48. The Court appointed counsel on the same day. ECF No. 49. Following briefing by the parties, the Motion is now before the Court.

## APPLICABLE LAW

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) permits modification of a term of imprisonment upon motion of the defendant after exhaustion of the defendant's administrative remedies. If "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission,"[1] the court may reduce a defendant's term of imprisonment and may impose a term of probation or supervised release that does not exceed the unserved portion of the original term of imprisonment. *Id*. The statute further instructs the court to "consider[] the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable." *Id*.; *United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021) ("a district court may not grant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)" without considering the § 3553(a) factors). Therefore, in order to grant compassionate release pursuant to § 3582(c)(1)(A)(i), the district court must (1) find that "extraordinary and compelling reasons" warrant a reduction in the prisoner's sentence,

---

[1] Although U.S.S.G. § 1B1.13(1)(A) is entitled "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)," by its terms it addresses only those requests brought "[u]pon motion of the Director of the Bureau of Prisons." It is therefore inapplicable to compassionate release motions filed by defendants pursuant to § 3582(c)(1)(A)(i). *United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021) (citing *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020)). Because no applicable sentencing guideline exists, "§ 3582(c)(1)(A)'s consistency requirement does not constrain the discretion of district courts." *Id*.

and (2) consider the applicable § 3553(a) factors in light of the prisoner's extraordinary circumstances.[2]  *Kibble*, 992 F.3d at 330, 332.

## DISCUSSION

*Exhaustion*

The First Step Act requires defendants to exhaust their administrative remedies before moving the Court for compassionate release.  See 18 U.S.C. § 3582(c)(1)(A).  To satisfy the exhaustion requirement, "incarcerated persons must first ask the [Bureau of Prisons ("BOP")] to file a motion for compassionate release on their behalf, and then, either (1) appeal the BOP's failure to bring a motion on their behalf, or (2) allow 30 days to lapse after making the request[.]"  *Kibble*, 992 F.3d at 330 n.2.

Mr. Raap wrote to the Warden requesting compassionate release and was denied on June 22, 2020, and July 22, 2020.  ECF No. 48-1 at 1–2.  The Court accordingly finds that Mr. Raap properly exhausted his administrative remedies and continues to the merits of his Motion.

*Extraordinary and Compelling Reasons*

Mr. Raap argues that he is at increased risk from COVID-19 due to his health conditions, specifically morbid obesity, hepatitis C, and hypertension.  Courts in this district and elsewhere have found, particularly at the height of the pandemic, that the COVID-19 pandemic may constitute an extraordinary and compelling reason to reduce a defendant's sentence in conjunction with specific risk factors such as age or medical

---

[2] Because the statute "does not specify what conclusion a district court must draw from the § 3553(a) factors in order to grant a motion for compassionate release," the Fourth Circuit has understood this language "as providing district courts with procedural guardrails for exercising their discretion, not creating a substantive prerequisite to compassionate release."  *Kibble*, 992 F.3d at 331 n.3.

3

condition. *See*, *e.g.*, *United States v. Griggs*, 462 F. Supp. 3d 610, 620 (D.S.C. 2020); *United States v. Bing*, CR/A No. 1:15-cr-0637-JMC-1, 2020 WL4043610, at *6 (D.S.C. July 17, 2020).  Moreover, the Centers for Disease Control and Prevention ("CDC") have identified severe obesity (defined as body mass index ("BMI") ≥40 kg/m$^2$) and "possibly" hypertension as conditions that "can make you more likely to get severely ill from COVID-19."  *See COVID-19, People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated May 13, 2021).  Though not included in the CDC's list of risk factors, reputable sources suggest that hepatitis C may also increase an individual's risk of suffering severe illness from COVID-19.  *See What People Living with Hepatitis C Need to Know About COVID-19*, Mayo Clinic, https://newsnetwork.mayoclinic.org/discussion/what-people-living-with-hepatitis-c-need-to-know-about-covid-19/ (Apr. 21, 2020).  The Court therefore agrees that Mr. Raap suffers from several significant COVID-19 risk factors.

However, additional, countervailing considerations lead the Court to find that no extraordinary and compelling reason for a reduction of sentence exists in this case.  First, the Court takes notice of waning COVID-19 case numbers and revised CDC guidelines, as well as the loosening of restrictions by public bodies across the country.  *See COVID Data Tracker Weekly Review*, https://www.cdc.gov/coronavirus/2019-ncov/covid-data/covidview/index.html (last updated June 4, 2021).  In the absence of evidence suggesting a particular risk of infection at the facility where a defendant is housed, the overall reduction in cases may indicate that the COVID-19 pandemic no longer constitutes

4

an exceptional and compelling reason for compassionate release even in conjunction with underlying medical conditions.

Second, medical records show that Mr. Raap's health conditions appear to be adequately controlled, that he previously contracted and recovered from COVID-19, and that he has received both doses of the Pfizer-BioNTech vaccine against COVID-19.  *See* ECF No. 58-3.  The efficacy of this vaccine against confirmed COVID-19 in individuals of Mr. Raap's age group (16 to 55 years) has been estimated at 95.6%.  *See Pfizer-BioNTech COVID-19 Vaccine Emergency Use Authorization Review Memorandum*, Food and Drug Administration, available at https://www.fda.gov/emergency-preparedness-and-response/coronavirus-disease-2019-covid-19/pfizer-biontech-covid-19-vaccine (Dec. 11, 2020).  Moreover, there is evidence to indicate that persons who have previously contracted COVID-19 are at significantly decreased risk of repeat infection.  *See  SARS-CoV-2 Antibodies Protect from Reinfection*, National Institutes of Health, https://www.nih.gov/news-events/nih-research-matters/sars-cov-2-antibodies-protect-reinfection (Mar. 2, 2021) ("People with SARS-CoV-2 antibodies, a sign of prior infection, were much less likely to test positive for COVID-19 in the following months.").  In light of Mr. Raap's fully vaccinated status and prior exposure, the Court does not find that the COVID-19 pandemic constitutes an extraordinary and compelling reason for his early release.  *See*, *e.g.*, *United States v. Burks*, 2021 WL 1394857, at * 3–4 (W.D.N.C. Apr. 13, 2021) (finding no extraordinary and compelling reason for early release based on COVID-19 risk factors because the defendant had received both doses of an effective vaccine).

Finally, the Court notes that Federal Correctional Institution, Williamsburg, the facility at which Mr. Raap is housed, currently reports one COVID-19 infection among its 1,468 inmates and just four cases among its staff. *See COVID-19 Cases*, BOP, https://www.bop.gov/coronavirus (last accessed June 7, 2021). This level of infection does not reflect a significant risk to Mr. Raap, particularly since he has received both doses of a highly effective vaccine.

After careful consideration of Mr. Raap's medical record, therefore, the Court finds that the overall circumstances do not constitute an extraordinary and compelling reason warranting his early release.

## CONCLUSION

For the reasons set forth above, Defendant's Motion for Compassionate Release [58] is **DENIED WITHOUT PREJUDICE**. Mr. Raap is free to file a renewed motion in the event of a material change in circumstances warranting a reduction of his sentence.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

June 8, 2021
Spartanburg, South Carolina